

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | | | |
|---|---|---|---|
| *Christopher J. Kelly*<br>*Assistant United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, New Jersey 07102* | *Phone:*<br>*Fax:* | *973-645-6112*<br>*973-297-2045* |

January 14, 2009

**Via First Class Mail**
Robert Stahl, Esq.
220 St. Paul St.
Westfield, NJ 07090

      Re:  Towne Pharmacy    09-893-01 (FLW)

Dear Mr. Stahl:

    This letter sets forth the plea agreement between your client, P.B.R. Drugs, Inc. (d/b/a Towne Pharmacy) and the United States Attorney for the District of New Jersey ("this Office").

**Charge**

    Conditioned on the understandings specified below, this Office will accept a guilty plea from P.B.R. Drugs, Inc. (hereinafter referred to as "Towne Pharmacy" or "the Company") to a one-count Information to be filed against the Company which charges the Company with knowingly and willfully executing and attempting to execute a scheme or artifice to defraud a health care benefit program in violation of 18 U.S.C. § 1347. If Towne Pharmacy enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Towne Pharmacy relating to the company's fraudulent billing scheme between in or about 2002 and in or about March 2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Towne Pharmacy agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Towne Pharmacy may be commenced against it, notwithstanding the expiration of the limitations period after Towne Pharmacy signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1347 to which Towne Pharmacy agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $500,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Towne Pharmacy is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Towne Pharmacy ultimately will receive.

Further, in addition to imposing any other penalty on Towne Pharmacy, the sentencing judge:

(1) will order Towne Pharmacy to pay an assessment of $400 pursuant to Title 18, United States Code, Section 3013(a)(2)(B), which assessment must be paid by the date of sentencing;

(2) may order Towne Pharmacy to pay restitution pursuant to Title 18, United States Code, Sections 3663 et seq., 3663A, 3563, and U.S.S.G. § 8B1.1;

(3) may order Towne Pharmacy, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of its offense; and

(4) may impose a term of probation of at least one year, but not more than five years under Title 18, United States Code, Section 3561(c)(1).

In addition, Towne Pharmacy agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the United States in the amount of approximately $730,258.44.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Towne Pharmacy by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Towne Pharmacy's activities and relevant conduct with respect to this case.

Stipulations

This Office and Towne Pharmacy agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Towne Pharmacy from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Towne Pharmacy waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Towne Pharmacy. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil proceeding against Towne Pharmacy.

No Other Promises

This agreement constitutes the plea agreement between Towne Pharmacy and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: Christopher J. Kelly
Assistant U.S. Attorney

APPROVED:

KEVIN M. O'DOWD
Chief, Securities & Health Care Fraud Unit

I have received this letter from my attorney, Robert Stahl, Esq. I have read it, and I fully understand it. I, on behalf of and with the express authorization of P.B.R. Drugs, Inc., hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

P.B.R. Drugs, Inc.:

_____*Robert Stahl*_____ *pursuant to NJSA 14A:6-7.1(5) on behalf of the Corporation*     Date: ___Oct. 13, 2009___
By: Peter J. Riccio

_____*R Stahl*_____     Date: ___Oct. 13, 2009___
Robert Stahl, Esq.

Plea Agreement with Towne Pharmacy

Schedule A

1.  This Office and P.B.R. Drugs, Inc. d/b/a Towne Pharmacy (hereinafter "Towne Pharmacy") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Towne Pharmacy nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Towne Pharmacy within the total Guidelines fine range that is set forth below. This Office and Towne Pharmacy further agree that neither party will argue for the imposition of a sentence outside the agreed Guidelines fine range.

2.  The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 8A1.2. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2(a), including restitution, remedial orders, community service, and notice to victims.

3.  The parties agree that Towne Pharmacy did not operate primarily for a criminal purpose or primarily by criminal means. See U.S.S.G. §§ 8A1.2(b)(1), 8C1.1.

4.  The parties further agree that an abbreviated determination of the Guideline fine range is not warranted. See U.S.S.G. § 8A1.2(b)(2)(A).

**Calculation of the Offense Level - U.S.S.G. § 8C2.3**

5.  Pursuant to U.S.S.G. § 8A1.2, the applicable Guideline is U.S.S.G. § 2B1.1. This Guideline carries a Base Offense Level of 6.

6.  Because the loss resulting from the criminal conduct of Towne Pharmacy and its agents and employees was more than $400,000 but less than $1,000,000, Specific Offense Characteristic § 2B1.1(b)(1)(H) applies. This Specific Offense Characteristic results in an increase of 14 levels.

7.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Towne Pharmacy is 20.

**Calculation of the Base Fine - U.S.S.G. § 8C2.4**

8.  Under U.S.S.G. § 8C2.4(d), the parties agree that

- 6 -

the base fine is $650,000.

## Calculation of the Culpability Score - U.S.S.G. § 8C2.5

9. Under U.S.S.G. § 8C2.5, the parties agree that Towne Pharmacy's total culpability score is 3.

## Minimum and Maximum Multipliers - U.S.S.G. § 8C2.6

10. Based on the agreed total culpability score of 3, the parties agree that the minimum multiplier is 0.60 and the maximum multiplier is 1.20. See U.S.S.G. § 8C2.6.

## Application of the Guideline Fine Range - U.S.S.G. § 8C2.7

11. Under U.S.S.G. § 8C2.7(a) & (b), the parties agree that the minimum Guideline fine range is $390,000, and the maximum Guideline fine range is $780,000 (the "agreed Guidelines fine range.")

## Other Provisions

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

13. Towne Pharmacy knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the agreed Guidelines fine range. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the agreed Guidelines fine range. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.